UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY NORTON,<br><br>                    Petitioner,<br><br>      v.<br><br>E. VALENZUELA, Warden, et al.,<br><br>                    Respondents. | Civil No.   13cv1485-GPC (BGS)<br><br>**ORDER:**<br><br>**(1)  DIRECTING CLERK OF COURT TO FILE COPY OF PETITION AS AN ORIGINAL MOTION TO AMEND IN Case No. 12cv2634-CAB (RBB); and,**<br><br>**(2)  DISMISSING CASE WITHOUT PREJUDICE** |

    Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the sentence imposed as a result of his April 24, 2009, conviction in San Diego Superior Court Case No. SCD211717. (See Pet. [ECF No. 1] at 1, 6-15.) Petitioner currently has a federal habeas petition pending in this Court in Case No. 12cv2634-CAB (RBB), in which he challenges the same state court conviction as the Petition filed in this case. (See Pet. filed 10/29/12 in SO.DIST.CA.CIVIL CASE NO. 12cv2436-CAB (RBB) [ECF No. 1] at 1.)  An Answer and Traverse has been filed in that case, and the action is currently awaiting adjudication. (See id. [ECF Nos. 9, 13].)

    The Clerk of Court is **DIRECTED** to file a copy of the instant Petition as an original Motion to Amend the Petition in SO.DIST.CA.CIVIL CASE NO. 12cv2634-CAB (RBB). See

Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (holding that a new pro se petition challenging the same conviction as a pending petition, which is filed before the first petition is adjudicated, should be liberally construed as a motion to amend the pending petition rather than summarily dismissed as second or successive).  The fact that Petitioner is challenging his sentence in this action and his conviction in the prior action does not change the outcome.  See Hill v. Alaska, 297 F.3d 895, 897-98 (9th Cir. 2002) (recognizing that the "second or successive" petition provision of 28 U.S.C. § 2244(b) codified the "abuse of the writ" doctrine which "occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect."), citing McCleskey v. Zant, 499 U.S. 467, 493 (1991).

This case is **DISMISSED** without leave to amend but without prejudice to Petitioner to seek leave to amend in order to present his claims in SO.DIST.CA.CIVIL CASE NO. 13cv2634-CAB (RBB).

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:  July 1, 2013

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge

Copies to:        ALL PARTIES