1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOHNNY NORTON,                          Civil No.    13cv1485-GPC (BGS)

12                              Petitioner,

13                                           **ORDER:**

14               v.                          **(1)  DIRECTING CLERK OF COURT
                                             TO FILE COPY OF PETITION AS AN
15                                           ORIGINAL MOTION TO AMEND IN
     E. VALENZUELA, Warden, et al.,          Case No. 12cv2634-CAB (RBB); and,**
16
                                             **(2)  DISMISSING CASE WITHOUT
17                            Respondents.    PREJUDICE**

18

19        Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of

20   Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the sentence imposed as a result of

21   his April 24, 2009, conviction in San Diego Superior Court Case No. SCD211717.  (See Pet.

22   [ECF No. 1] at 1, 6-15.)  Petitioner currently has a federal habeas petition pending in this Court

23   in Case No. 12cv2634-CAB (RBB), in which he challenges the same state court conviction as

24   the Petition filed in this case.  (See Pet. filed 10/29/12 in SO.DIST.CA.CIVIL CASE NO. 12cv2436-

25   CAB (RBB) [ECF No. 1] at 1.)  An Answer and Traverse has been filed in that case, and the

26   action is currently awaiting adjudication.  (See id. [ECF Nos. 9, 13].)

27        The Clerk of Court is **DIRECTED** to file a copy of the instant Petition as an original

28   Motion to Amend the Petition in SO.DIST.CA.CIVIL CASE NO. 12cv2634-CAB (RBB).  See

Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (holding that a new pro se petition challenging the same conviction as a pending petition, which is filed before the first petition is adjudicated, should be liberally construed as a motion to amend the pending petition rather than summarily dismissed as second or successive).  The fact that Petitioner is challenging his sentence in this action and his conviction in the prior action does not change the outcome.  See Hill v. Alaska, 297 F.3d 895, 897-98 (9th Cir. 2002) (recognizing that the "second or successive" petition provision of 28 U.S.C. § 2244(b) codified the "abuse of the writ" doctrine which "occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect."), citing McCleskey v. Zant, 499 U.S. 467, 493 (1991).

This case is **DISMISSED** without leave to amend but without prejudice to Petitioner to seek leave to amend in order to present his claims in SO.DIST.CA.CIVIL CASE NO. 13cv2634-CAB (RBB).

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:  July 1, 2013

HON. GONZALO P. CURIEL
United States District Judge

Copies to:        ALL PARTIES